# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN FISHER,<br><br>                          Respondent. | Case No.:  3:21-cv-01395-JLS-AHG<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION FOR STAY**<br><br>**[ECF No. 9]** |

      On August 23, 2021, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. ECF No. 1. The matter was transferred to this Court on August 4, 2021. ECF No. 2. This Court dismissed the action without prejudice on

August 18, 2021 because Petitioner had failed to satisfy the filing fee requirement. ECF No. 5. On September 10, 2021, Petitioner filed a Motion to Proceed *in forma pauperis*, which the Court granted on September 17, 2021. ECF Nos. 6, 7.

On September 20, 2021, Petitioner filed a Motion for Stay. ECF No. 9. Normally, a petitioner requests a stay in a federal habeas corpus matter when he or she wishes to return to state court to exhaust claims which are unexhausted at the time he or she files their habeas corpus petition. In this motion, however, Petitioner asks to stay the proceedings in this case as well as the proceedings in various state court matters but has not identified any unexhausted claims that he wishes to exhaust in state court.

There are two kinds of stays available to Petitioner, the "stay and abeyance" procedure and the withdrawal and abeyance" procedure. If Petitioner wishes to use the "stay and abeyance" procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw any unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *Id*. at 1142–43 (quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)).

In order for this Court to determine whether a stay should be granted in this case, the Court sets the following briefing schedule:

//

1       (1)     Petitioner must file, **no later than November 15, 2021**, a document entitled "Supplemental Motion for Stay." In this document, Petitioner must advise the Court whether he is seeking a stay pursuant to *Rhines* or *King*. If he is seeking a stay pursuant to *Rhines*, he must explain how he satisfies the *Rhines* factors. If he is seeking a stay pursuant to *King*, he must explain how he wishes to proceed within the *King* framework.

        (2)     Respondent must file, **no later than December 15, 2021**, a Response to Petitioner's Supplemental Motion for Stay.

        (3)     Petitioner may file a Reply to the Response **no later than January 14, 2022**.

**IT IS SO ORDERED.**

Dated: September 23, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge