# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>Respondent. | Case No.: 3:21-cv-01395-JLS-AHG<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION FOR ORDER DIRECTING SHERIFF TO RECOGNIZE PETITIONER AS PRO SE LITIGANT**<br><br>**[ECF No. 20]** |

Petitioner Pedro Rodriguez ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 1, 7. Before the Court is Petitioner's *Ex Parte* Motion for Order Directing Sheriff William Gore to Recognize Petitioner as *Pro Se* Litigant and Grant Petitioner the Same Privileges as Other Self-Represented Prisoners. ECF No. 20. Petitioner seeks an order from the Court compelling Sheriff William Gore to provide Petitioner with law library access, unrestricted correspondence to the courts, copy services, Lexis Nexis access, and access to his own legal work product. *Id.* at 1. After reviewing Petitioner's motion and supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Judge **DENY** the motion.

## I. BACKGROUND

Petitioner is presently incarcerated in the George F. Bailey Detention Facility, located in San Diego, California. ECF No. 17. Petitioner asserts that "[t]he San Diego Central Jail[1] has a law library available for *pro se* inmates with Lexis Nexis computers, copy resources, and supplies to correspond with the courts." ECF No. 20 at 2. Petitioner contends that he has been denied access to legal resources without cause. *Id*. For example, Petitioner represents that he is "not allowed to receive stamps or stationery from family members and is told stamps and stationery must be purchased through [the] commissary which is very unreliable." *Id*. Also, Petitioner is "only allowed one case law request per month via the paging system." *Id*.; *see id*. at 6 (San Diego County Sheriff's Department Legal Research Assistance Information fact sheet, explaining the process and stating "responses to this service are limited to one request per calendar month, responses are limited to a maximum of 50 pages"). Petitioner also contends that his legal work product had been confiscated and he was denied access to his own legal reference books and documents. *Id*. at 2; *Id*. (noting that "the confiscated legal property contains all the Petitioner's open cases"). Petitioner argues that he is "being treated differently than other prisoners convicted of the same category crime," in violation of the Fourteenth Amendment. *Id*. at 3. Therefore, Petitioner requests that the Court "issue an order directing Sheriff William Gore to recognize the Petitioner as a *pro se* litigant and grant the Petitioner the same privileges as other self-represented prisoners, such as law library access, unrestricted correspondence to the courts, copy services, Lexis Nexis access, and access to the Petitioner's own legal work product[.]" *Id*. at 1, 3.

//

//

---

[1] Petitioner is incarcerated at GFB, George F. Bailey Detention Facility ("GFB"), however, he references the law library resources available at the San Diego Central Jail ("SDCJ"). Whether Petitioner is requesting to go to SDCJ to utilize its resources, or is requesting that GFB adopt the same procedures in place at SDCJ, the Court's analysis remains the same.

## II. DISCUSSION

The Court construes Plaintiff's instant request as a motion for preliminary injunction. *See, e.g.*, *Carroll v. Warden*, No. 19cv2126-BAS-KSC, 2021 U.S. Dist. LEXIS 93469, at *1–*2 (S.D. Cal. May 17, 2021) (construing *pro se* inmate's request for an order requiring the prison to provide him free phone use and access to the law library as a motion for preliminary injunction); *Foster v. Baker*, No. 18cv1511-DAD-SAB-PC, 2020 WL 838301, at *1 (E.D. Cal. Feb. 19, 2020) (construing *pro se* inmate's request for an order requiring the prison to provide him access to a typewriter and the law library as a motion for preliminary injunction); *cf. Craver v. Floyd*, No. 20cv2327-DB-P, 2021 WL 4129664, at *2 (E.D. Cal. Sept. 10, 2021) (treating *pro se* inmate's "motion for judicial intervention" which requested "an order directing the warden [] to return plaintiff's personal property" as a motion for preliminary injunction); *Johnson v. Dovey*, No. 08cv640-LJO-DLB-PC, 2012 WL 2196119, at *1–*2 (E.D. Cal. June 14, 2012) (treating *pro se* inmate's request for an order directing the warden to provide him access to the law library once a week until the conclusion of the case as a motion for preliminary injunction).

As a threshold matter, the Court does not clearly have jurisdiction to issue the injunction Petitioner seeks. Petitioner requests that the "Court issue an order directing Sheriff William Gore to provide Petitioner with law library access, unrestricted correspondence to the courts, copy services, Lexis Nexis access, and access to his legal work product," but Sheriff Gore is not a party to this case. *See* ECF No. 1 (naming Warden Fisher as sole Respondent in § 2254 habeas petition); ECF No. 13 (substituting Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitation, as Respondent). The Court does not have jurisdiction to order injunctive relief that would require directing parties not before the Court to take action. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see, e.g.*, *Jacome v. Vlahakis*, No. 18cv10-GPC-MDD, 2019 U.S. Dist. LEXIS 161025, at *2–

\*3 (S.D. Cal. Sept. 19, 2019) (denying inmate's request for access to the law library "[b]ecause Plaintiff has not made the law library a party to this action, nor otherwise established jurisdiction over it, Plaintiff's request is not actionable"); *Ransom v. Dep't of Corr. & Rehab.*, No. 11cv68-AWI-MJS-PC, 2015 WL 5146749, at \*2 (E.D. Cal. Sept. 1, 2015) (denying inmate's request that the law library provide him with Priority Library User status because "Plaintiff is seeking relief against a non-party. The Court does not have jurisdiction over Corcoran State Prison, and thus cannot issue a temporary restraining order or preliminary injunction against it"); *Johnson*, 2012 WL 2196119, at \*2 (denying inmate's denying a motion for an order directing the warden to provide him access to the law library where the warden was not a party to the action). Therefore, the Court recommends that Petitioner's request be denied.

The Court notes that Petitioner's request would also fail on the merits. A party seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008) (citations omitted). In a suit pertaining to a prisoner's access to the law library, a successful claim requires a showing of "actual injury" resulting from a denial of access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To establish he suffered an actual injury, Petitioner must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348. For example:

> [T]he inmate ... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id*. at 351.

Here, Petitioner contends that he "is still attacking his conviction which contains complex issues of res judicata, laws which are void for vagueness, fabrication of evidence, and double jeopardy, not forgetting judicial bias and *Brady* violations. Without access to the Petitioner's own work product, the Petitioner cannot present a coherent argument supported by evidence." ECF No. 20 at 3. The Court notes that Petitioner has already filed his Petition in this case (ECF No. 1), and Respondent's response to the Petition is not due until January 7, with Petitioner's response due on February 9. ECF No. 16. As such, Petitioner has not shown any actual injury, as no filings are due at this time. *See Hunter v. Fisher*, No. 19cv625-AWI-BAM-PC, 2020 WL 3493070, at *2 (E.D. Cal. Apr. 17, 2020) (denying request for law library access because, in part, "Plaintiff has not alleged that he is at risk of missing any particular deadline in this action or that he is currently attempting to draft or research a specific motion to be filed in this action, and the Court has no pending motions filed by Defendants which would require the filing of a response from Plaintiff."). In this instance, Petitioner "has failed to allege or demonstrate 'actual injury' by the failure of access to law library. Thus, [Petitioner] has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. 'Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.'" *Foster*, 2020 WL 838301, at *2 (quoting *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)); *see Eckard v. Thomas*, No. C19-669-TSZ, 2019 WL 2493411, at *2 (W.D. Wash. May 20, 2019) (denying inmate's request for law library access, because, in part, he had not alleged actual injury and "provide[d] no allegations or evidence his alleged lack of access to legal materials has injured him," and therefore had not shown that he was likely to succeed on the merits of an access to courts claim or suffer irreparable injury). It follows that, because Petitioner has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' [] we need not address the ... remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (internal citation omitted). Therefore, the Court recommends that Petitioner's request be denied.

However, the Court notes that if Petitioner requires additional time to meet a specific deadline in the future due to his limited access to the library or his legal work product, he may file a motion for an extension, setting forth good cause for the extension of that deadline. *See, e.g.*, *Carroll*, 2021 U.S. Dist. LEXIS 93469, at *2–*5 (denying inmate's request for law library access, but noting that, "to the extent restricted access to resources impede Plaintiff's ability to prosecute this action going forward, he may seek extensions of time to comply with court-ordered deadlines").

### III.   CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(a) of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, and (2) **DENYING** Petitioner's *Ex Parte* Motion for Order Directing Sheriff William Gore to Recognize Petitioner as *Pro Se* Litigant and Grant Petitioner the Same Privileges as Other Self-Represented Prisoners. ECF No. 20.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **December 27, 2021**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **January 10, 2022**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  December 10, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge