UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                        Petitioner,<br><br>v.<br><br><br>KATHLEEN ALLISON, Secretary,<br><br>                        Respondent. | Case No.: 21-CV-1395 JLS (AHG)<br><br>**ORDER: (1) OVERRULING PETITIONER'S OBJECTIONS TO AND ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) DENYING PETITIONER'S *EX PARTE* REQUEST FOR ORDER DIRECTING SHERIFF TO RECOGNIZE PETITIONER AS PRO SE; AND (3) DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>(ECF Nos. 20, 22, 23, 26) |

      Presently before the Court are Petitioner Pedro Rodriguez's ("Petitioner") *Ex Parte* Request for Order Directing Sheriff William Gore to Recognize Petitioner as Pro Se Litigant ("Req.," ECF No. 20); Magistrate Judge Allison H. Goddard's Report and Recommendation on the Request ("R&R," ECF No. 23); Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction for Bail ("TRO Mot.," ECF No. 22); and Petitioner's *Ex Parte* Request for Order Allowing Access to Petitioner's Work

Product ("Objs.," ECF No. 26), which the Court, in its discretion, construes as late-filed Objections to the R&R.

Having carefully considered the record and filings in this case and the law, the Court (1) **OVERRULES** Petitioner's Objections, **ADOPTS** the R&R, and **DENIES** Petitioner's Request; and (2) **DENIES** Petitioner's TRO Motion, for the reasons provided below.

## BACKGROUND

As relevant to the R&R and Petitioner's Objections thereto, Magistrate Judge Goddard's R&R contains a complete and accurate recitation of the facts relevant to Petitioner's Request. *See* R&R at 2. Petitioner makes no objections to the background as recited therein. *See generally* Objs. Accordingly, this Order incorporates by reference the background as set forth in the R&R.

As relevant to his TRO Motion, Petitioner has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *See* ECF No. 1 ("Pet."). Petitioner claims that a March 2017 sentencing brief filed by Assistant District Attorney Matt Greco requests that each of Petitioner's misdemeanor counts of contempt of court be imposed consecutively, resulting in Petitioner serving a sentence of 15 years and 6 months. TRO Mot. at 2–3. Petitioner contends that this sentence is disproportionate and unconstitutional and therefore illegal. *Id.* Petitioner further alleges that he was scheduled for parole on September 30, 2021, but instead of being paroled was instead transferred to custody in San Diego "to continue serving his aggregate prison sentence in cases 340334/333477." *Id.* at 2. Petitioner asserts that his legal work product was "confiscated by the San Diego sheriffs." *Id.*

Petitioner claims that, as "a defendant convicted of a misdemeanor," he "is entitled to bail on appeal as a matter of right." *Id.* at 1 (citing Cal. Pen. Code § 1272; *In re Newbern*, 55 Cal.2d 508 (1961) (en banc)). However, Petitioner also indicates that he has "properly

/ / /

/ / /

/ / /

exhausted" his appeals.  *See* Pet. at 5[1]; *see also id.* at 2–3 (noting Petitioner directly appealed his judgment of conviction in the Court of Appeal, Fourth Appellate District, and the California Supreme Court).

## REPORT AND RECOMMENDATION

### I.    Legal Standard

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R.  The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

### II.   Analysis

Although Petitioner's December 30, 2021 filing is not, as directed by the R&R, captioned "Objections to Report and Recommendation," *see* R&R at 6; Objs. at 1, and was untimely, having been served on December 28, 2021, when the deadline for objections was December 27, 2021, *see* R&R at 6; Objs. at 3, the Court, in its discretion, construes Petitioner's *Ex Parte* Request for Order Allowing Access to Petitioner's Work Product (ECF No. 26) as Objections to the R&R and analyzes said Objections on the merits despite their tardiness.

The R&R construed Petitioner's Request (ECF No. 20) as a motion for preliminary injunction and recommended that this Court deny the motion.  R&R at 1, 3.  The R&R

---

[1] In citing to the Petition, the Court utilizes the page numbers stamped in the upper right-hand corner of each page.

noted that the Court lacked jurisdiction to grant the Request, given that Sheriff William Gore is not a party to this action. *Id.* at 3–4. In addition, the R&R concluded the Request would likely fail on the merits given that Petitioner had failed to establish actual injury as a result of his alleged denial of access given that he had not shown an inability to meet any filing deadline or present his claims. *Id.* at 4–5. The R&R noted that Petitioner may always file a motion for extension of time in the future should his limited access to the law library or his work product prove problematic. *Id.* at 6.

### A. *Petitioner's Objections*

Petitioner's Objections do not present any new arguments, but merely rehash one of the arguments in his original Request. *Compare* Req. at 3 ("Without access to the Petitioner's own work product the Petitioner cannot present a coherent argument supported by evidence."), *with* Objs. at 2 ("The confiscation of all the Petitioner's legal work product impermissibly comprises [sic] the Petitioner's habeas proceedings and leaves the Petitioner without redress."). Petitioner also seeks essentially the same relief in both the Request and his Objections. *Compare* Req. at 3 ("The Petitioner respectfully requests an order directing Sheriff William Gore to . . . allow the Petitioner . . . access to . . . the Petitioner's own work product."), *with* Objs. at 2 ("The Petitioner respectfully requests an order directing the Sheriffs Dept. San Diego to allow the Petitioner access to his legal work product.").

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order.'" *Id.* (quoting Fed. R. Civ. P. 65(d)). "The district court must, therefore, tailor the injunction to affect only those persons over which it has power." *Id.* (citations omitted). Moreover, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in

the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

The Court finds that it lacks the authority to issue the relief requested by Petitioner. Not only does Petitioner seek injunctive relief against persons not named as parties in the Petition—i.e., Sheriff William Gore and/or the San Diego Sheriff's Department—the requested relief is not based on the grounds raised in the Petition. Indeed, it appears that Petitioner's work product was seized by the Sheriff's Department on or after September 30, 2021, after the Petition was filed. *Compare* Pet. at 1 (indicating Petition filed on August 3, 2021), *with* TRO Mot. at 2 (indicating that, instead of being paroled on September 30, 2021, Petitioner was transferred to the custody of the San Diego Sheriff's Department and his legal work product was "confiscated by the San Diego Sheriffs"). Accordingly, the Court lacks the power to issue the injunctive relief requested by Petitioner. *See, e.g.*, *Saddozai v. Hosey*, No. 119CV01611DADHBK, 2021 WL 1117107, at *1 (E.D. Cal. Mar. 24, 2021) ("Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Moreover, the court does not have jurisdiction over nonparties to the suit, and therefore cannot enjoin such individuals in an order for injunctive relief.") (citation omitted), *report and recommendation adopted*, No. 119CV01611DADHBKPC, 2021 WL 1784854 (E.D. Cal. May 5, 2021).

In light of the foregoing, the Court **OVERRULES** Petitioner's Objections to the R&R and **ADOPTS** the portions of the R&R to which Plaintiff objects.

### B.     *Remainder of the R&R*

Petitioner does not object to the remainder of the R&R, including, *inter alia*, the R&R's determination that Petitioner is not entitled to injunctive relief requiring Sheriff William Gore to recognize Petitioner as a *pro se* litigant, to grant Petitioner law library access, to grant Petitioner unrestricted correspondence with the Court, or to grant Petitioner copy services and access to Lexis Nexis. *See* R&R at 2–6. Having found no clear error, the Court **ADOPTS** the remainder of the R&R.

### III. Conclusion

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Goddard's R&R (ECF No. 23) in full, **OVERRULES** Petitioner's objections thereto (ECF No. 26), and **DENIES** Petitioner's Request (ECF No. 20).

## MOTION FOR TEMPORARY RESTRAINING ORDER

### I. Legal Standard

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a temporary restraining order is identical to the standard for a preliminary injunction ("PI"). *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as a matter of right." *Id.* at 22, 24.

As noted above, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda*, 753 F.2d at 727. Further, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology*, 810 F.3d at 633.

### II. Analysis

Plaintiff's TRO Motion appears to seek release on bail pending appeal pursuant to California Penal Code section 1272. *See* TRO Mot. at 1. The relevant statute provides:

> After conviction of an offense not punishable with death, a defendant who has made application for probation or who has

> appealed may be admitted to bail . . . [a]s a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of misdemeanors.

Cal. Penal Code § 1272(2).

The Court finds Petitioner's request defective for several reasons. First, "[t]here is no absolute federal constitutional right to bail." *Dawson v. Merkle*, No. C 95-1523 SI, 1995 WL 548999, at *3 (N.D. Cal. Sept. 7, 1995) (citing, *inter alia*, *Kelly v. Springett*, 527 F.2d 1090, 1093 (9th Cir.1975)). Indeed, Petitioner invokes a **California state statute** in seeking release on bail. However, Petitioner represents that he has exhausted the state appeal process. *See* Pet. at 2–3, 5. Instead, Petitioner now seeks federal habeas relief. Yet Petitioner has not pointed the Court to any authority demonstrating a right to bail **pending habeas review**, nor has the Court found any such authority. Accordingly, Petitioner has not established a right to the relief requested.

Second, "[t]he grant or denial of bail is within the sound discretion of a state trial court." *See Dawson*, 1995 WL 548999, at *3 (citing *Finetti v. Harris*, 609 F.2d 594, 600–01 (2d Cir. 1979)). As previously noted, this Court only has jurisdiction over parties to this action. However, Petitioner does not name the California Superior Court as a party to this action. Accordingly, even were the requested relief merited, the Court is unable to compel the state trial court, as a nonparty to this action, to release Petitioner pending appeal.

Finally, as explained above, preliminary relief must be based on the claims raised by Petitioner in his Petition. Petitioner does not argue that the state court presently is violating his constitutional due process rights by illegally denying him bail. *See generally* Pet.; *cf. Dawson*, 1995 WL 548999, at *3 (where petitioner brought petition for bail pending appeal, ordering respondents to show cause why the petition should not be granted). Thus, as with Petitioner's request for access to his legal work product, the Court lacks the power to grant the requested relief.

///

///

**III. Conclusion**

In light of the foregoing, the Court **DENIES** Petitioner's TRO Motion (ECF No. 22).

## CONCLUSION

For the reasons provided above, the Court **ADOPTS** Magistrate Judge Goddard's R&R (ECF No. 23) in full, **OVERRULES** Petitioner's objections thereto (ECF No. 26), and **DENIES** Petitioner's Request (ECF No. 20).  The Court further **DENIES** Petitioner's TRO Motion (ECF No. 22).

**IT IS SO ORDERED.**

Dated:  February 1, 2022

Hon. Janis L. Sammartino
United States District Judge