UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:21-cv-01395-JLS-AHG<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 28]** |

Before the Court is Petitioner Pedro Rodriguez's ("Petitioner") Motion for Appointment of Counsel. ECF No. 28. For the reasons set forth below, the Court **DENIES** Petitioner's motion.

**I.      BACKGROUND**

Petitioner, proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 3, 2021. ECF Nos. 1, 7. Respondent has not yet filed her Answer to the Petition. *See* ECF No. 30 (requiring Respondent's Answer to be filed by February 14, 2022 and Petitioner's Traverse to be filed by March 18, 2022). Plaintiff filed the instant motion for appointment of counsel on February 2, 2022. ECF No. 28. This Order follows.

1

## II. LEGAL STANDARD

There is no constitutional right to appointment of counsel in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (quoting *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) for the proposition that "there is no constitutional right to counsel on federal habeas") (alteration omitted).

Nevertheless, financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). Courts have found that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id.* at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, when no evidentiary hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent prisoners applying for habeas relief are not entitled to appointed counsel "unless the circumstances of a particular case show that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Section 3006A(a)(2)(B) is not the only source of authority for appointment of counsel to an indigent petitioner in a habeas proceeding. Where, as here, a petitioner has been granted leave to proceed *in forma pauperis*, courts also have discretion under 28 U.S.C. § 1915(e)(1) to provide legal representation to "any person unable to afford counsel." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also McDonald v. Waddington*, No. C07-0135-JCC-BAT, 2009 WL 302279, at *2 (W.D. Wash. Feb. 6, 2009) ("A court has the discretion to appoint counsel [in a federal habeas proceeding], 18 U.S.C. § 3006A(a) (2)(B); 28 U.S.C. § 1915(e)(1), depending on the prisoner's ability to articulate his claim in light of the complexity of the legal issues and the likelihood of success on the petition's merits") (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

To qualify for appointment of counsel under § 1915(e)(1), courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort

to secure counsel on their own. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008). But even after a petitioner satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court's determination of whether such "exceptional circumstances" exist entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). These same considerations should guide the Court's discretion in deciding whether to appoint counsel in a habeas proceeding generally. *Weygandt*, 718 F.2d at 954.

### III.  DISCUSSION

Here, the Court acknowledged Petitioner's indigence when it granted Petitioner's motion to proceed *in forma pauperis*. ECF No. 7. However, Petitioner does not include any information in his motion about whether he has attempted to secure counsel on his own. Requiring that litigants "make a reasonably diligent effort to secure counsel before asking the court to appoint counsel for them . . . is 'not [to] suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney. [H]owever, a person's diligence in attempting to obtain a lawyer to assist him may properly be considered by the district court in assessing the justness of the application for counsel.'" *Moore v. Raught*, No. 07-03836-VBF-JPR, 2014 WL 1795138, at *7 (C.D. Cal. Mar. 17, 2014) (brackets in original) (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Here, "Plaintiff's lack of funds alone does not demonstrate that efforts to

secure counsel necessarily would be futile." *Vera v. Gipson*, No. 13cv870-AWI-MJS-PC, 2014 WL 807051, at *5 (E.D. Cal. Feb. 28, 2014). Therefore, Petitioner does not qualify for appointment of counsel under 28 U.S.C. § 1915(e)(1).

The Court also finds that the circumstances of the case do not indicate that appointed counsel is necessary to prevent due process violations, or that the interests of justice otherwise require appointment of counsel. *See Chaney*, 801 F.2d at 1196; 18 U.S.C. § 3006A(a)(2)(B). In support of the motion, Petitioner notes that he has a tenth-grade education and no legal education. ECF No. 28 at 3. Petitioner contends that his claims are legally complex, reiterates that he has demanded an evidentiary hearing, and explains that his case will require discovery and will include conflicting testimony. *Id*. at 2–5. Petitioner also notes his difficulty in investigating the facts. *Id*. Petitioner contends that he has been repeatedly exposed to COVID-19 and quarantined, impacting access to the law library and his legal work products. *Id*. at 3, 5.

First, Petitioner's limited formal education also does not establish exceptional circumstances. *See, e.g., Storey v. Paramo*, No. 17cv23-LAB-BGS, 2017 U.S. Dist. LEXIS 132648, at *5–*6 (S.D. Cal. Aug. 18, 2017) (denying motion for appointment of counsel when the plaintiff indicated his seventh-grade education warranted appointment of counsel); *Schneider v. Swarthout*, No. 10cv1869-GEB-KJN-P, 2011 WL 2447989, at *1 (E.D. Cal. June 20, 2011) (noting denial of petitioner's motion for appointment of counsel where petitioner alleged having a fourth-grade education level).

Second, Petitioner's lack of legal training and difficulty understanding legal standards and reasoning also do not establish exceptional circumstances. *See Griffin v. Zurbano*, No. 16cv2715-JLS-WVG, 2017 U.S. Dist. LEXIS 132636, at *3 (S.D. Cal. Aug. 18, 2017) (denying motion for appointment of counsel and noting that "Plaintiff's lack of education in the law and 10th-grade education level have not prevented him from filing very cogent and well-organized documents"); *Torbert*, 2016 WL 1399230, at *1–*2 (denying motion for appointment of counsel when the plaintiff argued that the legal issues were outside of his scope of understanding because of his eighth grade education); *cf.*

*McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *7–*8 (S.D. Cal. Apr.17, 2017) (finding that, though plaintiff argued "he is a layman with no legal experience and training and who is confused by complex legal reasoning and about his responsibilities in the case, . . . these burdens are common to most prisoners representing themselves *pro se* and do not establish the exceptional circumstances that would support the appointment of counsel").

Third, the need for research, investigation, and discovery is common to most litigation and does not automatically qualify the issues in a case as complex. *See Wilborn*, 789 F.2d at 1331; *McGinnis*, 2017 U.S. Dist. LEXIS 58507, at *7–*8 (same); *Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *1–*2 (S.D. Cal. May 11, 2012) (concluding that plaintiff's arguments "that this case will involve research and investigation are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*"); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel); *Peterson v. Anderson*, No. CV09-21-GF-SHE, 2009 WL 4506542, at *3 (D. Mont. Dec. 2, 2009) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex."); *cf. Eusse v. Vitela*, No. 13cv916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015) ("Plaintiff asks the Court to appoint counsel because his case requires discovery, he is currently incarcerated and is unable to investigate the facts, and he has limited access to the library. [] However, the need for discovery or difficulties developing the factual record do not constitute the type of 'exceptional circumstances' required for appointment of counsel.").

Fourth, though Petitioner contends he should be appointed counsel because he is ill-suited to handle issues of conflicting testimony on his own, these concerns also do not present exceptional circumstances. *See, e.g.*, *Eusse*, 2015 WL 4404865, at *2; *Miller*, 2012 WL 1666735, at *2. Additionally, at this time, the Court does not find that the claims raised

in the Petition are factually or legally complex. *See* ECF No. 1. Further, there is little before the Court regarding the merits of Petitioner's case, other than assertions in the operative petition. Thus, at this early stage of the case, when the Respondent has not yet answered the petition, lodged records, or proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits. ECF No. 30 at 2 (granting Respondent's request for extension of time to answer); *see, e.g.*, *Weygandt*, 718 F.2d at 954 (explaining that the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved are considerations "inextricably enmeshed" with the underlying claim); *see, e.g.*, *Bailey*, 835 F. Supp. at 552 (denying motion for appointment of counsel when plaintiff requested counsel before defendants responded to his complaint, because plaintiff did not offer any evidence in the motion beyond his own assertions to support his claims, and because it was too early to determine whether any of plaintiff's claims would succeed on the merits).

Fifth, Plaintiff raises the issue that COVID-19 quarantines are inhibiting his ability to pursue his case, access his work product, and access the law library. ECF No. 28 at 3, 5. However, courts in this circuit have declined to find that challenges presented by the COVID-19 pandemic establish exceptional circumstances. *Diaz v. Madden*, No. 20cv2147-GPC-BGS, 2021 U.S. Dist. LEXIS 32599 at *5–*7 (S.D. Cal. Feb. 22, 2021) (collecting cases); *see, e.g.*, *Pitts v. Washington*, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic."); *Faultry v. Saechao*, No. 18cv1850-KJM-AC-P, 2020 WL 2561596, at *2 (E.D. Cal. May 19, 2020) (denying motion for appointment of counsel and explaining that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. . . . The impacts of the COVID-19 health crisis on

prison operations are also common to all prisoners."); *Snowden v. Yule*, No. 2:17-cv-2167-TLN-AC-P, 2020 WL 2539229, at *1 (E.D. Cal. May 19, 2020) (stating that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners).

In the instant case, Petitioner has ably represented himself thus far, providing a thorough and clear statement of each ground for relief in his petition, and the present motion shows that Petitioner is able to write very well and perform legal research. *See* ECF Nos. 1, 28. Petitioner has also shown a good grasp of litigation procedure thus far. *See* ECF Nos. 15, 17, 20, 22, 31. Such circumstances do not indicate to the Court that appointment of counsel is necessary to avoid due process violations. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"); *Dunsmore v. Paramo*, No. 13cv1193-GPC-PCL, 2013 WL 5738774 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel to a *pro se* litigant who had a "good grasp of the basis of his claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved").

The Court recognizes the difficulties inherent in proceeding *pro se*, especially while incarcerated. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Thus, as long as a *pro se* litigant is able to articulate his grounds for relief, as Petitioner has done here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

Therefore, in its discretion, the Court finds that the interests of justice do not require appointment of counsel in this case. For the same reasons, even if Petitioner had established that he had made a reasonably diligent effort to secure counsel, he would not qualify for

appointment of counsel under 28 U.S.C. § 1915(e)(1). However, once the Court has received Petitioner's traverse, it will determine whether to set an evidentiary hearing in this case. If the Court sets an evidentiary hearing, Petitioner will be entitled to appointment of counsel at that stage. *Terrovona*, 912 F.2d at 1177.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion for Appointment of Counsel[1] (ECF No. 28) **without prejudice**.[2]

**IT IS SO ORDERED.**

Dated: February 11, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Although the Court has denied Petitioner's request for counsel, the Court notes that if Petitioner requires additional time to meet a specific deadline in the future, due to any of the reasons set forth in the instant motion for appointment of counsel, he may file a motion for an extension, setting forth good cause for the extension of that deadline. *See, e.g.*, *Carroll v. Warden*, No. 19cv2126-BAS-KSC, 2021 U.S. Dist. LEXIS 93469, at *2–*5 (S.D. Cal. May 17, 2021) (noting that, "to the extent restricted access to resources impede Plaintiff's ability to prosecute this action going forward, he may seek extensions of time to comply with court-ordered deadlines").

[2] Because Petitioner's motion is denied without prejudice to refiling, Petitioner is free to seek appointment of counsel again in the future.