# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                        Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>                        Respondent. | Case No.: 3:21-cv-01395-JLS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE TRAVERSE IN EXCESS OF TWENTY-FIVE PAGES, and**<br><br>**(2) DENYING PETITIONER'S REQUEST FOR A COPY OF RESPONDENT'S LODGMENT, and**<br><br>**(3) DENYING PETITIONER'S REQUEST TO RENEW MOTION FOR COURT ORDER DIRECTING SHERIFF TO RECOGNIZE PETITIONER AS PRO SE LITIGANT**<br><br>**[ECF No. 41]** |

Before the Court is Petitioner Pedro Rodriguez's ("Petitioner") Motion for Leave to File Memorandum of Points and Authorities in Excess of Twenty-Five Pages. ECF No. 41. In his motion, Petitioner requests: (1) leave to file a memorandum of points and authorities in support of his Traverse that exceeds the Court's page limit; (2) a copy of Respondent's lodgment; and (3) to renew his previous Motion for Court Order Directing the San Diego Sheriff to Recognize Petitioner as a *Pro Se* Litigant. *Id.* at 1.

## I.  BACKGROUND

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 3, 2021. ECF Nos. 1, 7. On November 19, 2021, Petitioner filed a Motion for Court Order Directing Sheriff to Recognize Petitioner as a *Pro Se* Litigant. ECF No. 20. This Court issued a Report and Recommendation, recommending that Petitioner's motion be denied, which the District Judge adopted over Petitioner's objections. ECF Nos. 23, 26, 27. After multiple requests for extension, the Court extended the briefing schedule for the Petition, requiring that Respondent Kathleen Allison ("Respondent") file her Answer to the Petition by February 14, 2022, and that Petitioner file his Traverse by March 18, 2022. ECF No. 30. On February 14, 2022, Respondent filed her Answer, which is forty-three pages, and simultaneously filed a Motion for Leave to File a Memorandum of Points and Authorities in Excess of Twenty-Five Pages. ECF Nos. 34, 35. The Court granted Respondent's request to file excess pages. ECF No. 39. Respondent also filed a Notice of Lodgment of State Court Record, which is over 6,000 pages. ECF Nos. 36, 37. On February 28, 2022, Petitioner filed the instant motion, requesting the Court increase the page limit for his Traverse to forty-three pages to match the length of Respondent's Answer. ECF No. 41; *see* ECF No. 30 at 2 (requiring Traverse be no longer than ten pages in length). On March 7, 2022, Petitioner filed his Traverse, which is approximately forty-three pages. ECF No. 42.

//

//

## II. DISCUSSION

In his Motion, Petitioner requests: (1) leave to file a memorandum of points and authorities beyond the permitted ten pages, (2) a copy of Respondent's lodgment, and (3) to renew his previous motion regarding *pro se* litigant status. The Court will address Petitioner's requests in turn.

### A. Request to Exceed Page-Limit

First, Petitioner contends that he should be permitted additional pages to respond to Respondent's Answer, which is forty-three pages. ECF No. 41 at 1. Given the Court's previous order increasing Respondent's page limit, Petitioner requests the same. *Id.* Petitioner explains that Respondent's Answer "is 43 pages and very thorough in opposition and caselaw," and Petitioner "expects to respond with the same amount [of pages] . . . ." *Id*. Good cause appearing, the Court grants Petitioner's request to file a memorandum of points and authorities in support of his Traverse that exceeds the ten-page limit. *See* ECF No. 30 at 2. Petitioner's forty-three-page Traverse (ECF No. 42) is permitted to remain on file.

### B. Request for a Copy of Respondent's Lodgment

Second, Petitioner requests a copy of Respondent's lodgment. ECF No. 41 at 1. Petitioner contends a copy of the lodgment should be provided to him because he is "without legal work product including the current case file[.]" ECF No. 41-1 at 1. While an indigent criminal defendant has an absolute right to trial transcripts on direct appeal, there is no such right at the collateral relief stage. *Dunsmore v. Beard*, No. 13-CV-01193-GPC-PCL, 2014 WL 7205659, at *4 (S.D. Cal. Dec. 17, 2014) (citing *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) regarding trial transcripts and *United States v. MacCollum*, 426 U.S. 317, 320–21 (1976) regarding collateral review); *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (applying principle from *MacCollum*, which addressed § 2255 petitions, to cases brought under § 2254). "To obtain free copies of trial records, a habeas petitioner must demonstrate that he is entitled to proceed *in forma pauperis*, and the court must certify that the petition is 'not frivolous' and the transcript is 'needed to decide the

issue.'" *Torres v. Diaz*, No. 19-CV-01964-LAB-JLB, 2020 WL 905631, at *5 (S.D. Cal. Feb. 24, 2020) (quoting *MacCollum*, 426 U.S. at 320–21); *see Martin v. Harley*, No. EDCV-08-581-R-MLG, 2008 U.S. Dist. LEXIS 110400, at *4 (C.D. Cal. Sept. 15, 2008) ("In order to [be] supplied with court documents or transcripts at government expense, when no direct appeal is pending, there must be a showing of particularized need for documents which are not necessary to decide issues in a non-frivolous case."); *see also Dunsmore*, 2104 WL 7205659, at *5 (denying request for copy of lodgment because petitioner "has not demonstrated that the petition is not frivolous and that the transcript is required to decide the issue").

Here, Petitioner contends that he is without legal work product and does not have the current case file. ECF No. 41-1 at 1. However, Petitioner provides no argument that his Petition is not frivolous, nor does he provide an argument that the lodgment is needed to decide the issues raised in his Petition. Moreover, Petitioner has already filed his Traverse, which is well-written, well-researched, and already includes portions of the trial record. *See* ECF No. 42; ECF No. 42-1 at 13–14.

Further, in general, "a prisoner has no constitutional right to free photocopying or to obtain court documents without payment." *Bailey v. Williams*, No. 2:19-CV-01725-GMN-BNW, 2021 WL 682053, at *2 (D. Nev. Feb. 19, 2021) (citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991)). The general rule prohibiting free photocopies also applies to an *in forma pauperis* litigant. *Arellano v. Blahnik*, No. 16-CV-02412-CAB-MSB, 2020 WL 6319130, at *1 (S.D. Cal. Oct. 28, 2020) (collecting cases regarding what fees and costs 28 U.S.C. § 1915 does not waive); *Davidson v. Kernan*, No. 17-CV-00421-H-MDD, 2018 WL 2837472, at *42 (S.D. Cal. June 8, 2018) ("The statute providing authority to proceed *in forma pauperis* . . . does not include the right to obtain court documents without payment."). Petitioner provides no argument or specific showing of need regarding why he is entitled to a free copy of the more than 6,000-page lodgment without payment.

Due to Petitioner's lack of showing that the state court record is needed to decide an issue in his Petition, and based on the general principles against providing free copies to

an *in forma pauperis* litigant, the Court denies Petitioner's request for a copy of Respondent's lodgment.

### C. Renewed Request for Court Order Directing Sheriff to Recognize Petitioner as a *Pro Se* Litigant

Third, Petitioner seeks to renew his prior Motion for Court Order Directing Sheriff to Recognize Petitioner as a *Pro Se* Litigant. *See* ECF No. 20. Petitioner does not provide any new arguments that the Court did not already consider when it issued its Report and Recommendation regarding Petitioner's previous identical request. *See* ECF Nos. 20, 23. For the reasons already stated in the Court's Report and Recommendation, which was adopted by the District Judge over Petitioner's objections, the Court denies Petitioner's request to renew his previous motion. ECF Nos. 23, 26, 27.

## III. CONCLUSION

For the reasons set forth above:

(1) Petitioner's motion for leave to file a memorandum of points and authorities in excess of ten pages (ECF No. 41) is **GRANTED** and Petitioner's forty-three-page Traverse (ECF No. 42) is permitted to remain on file;

(2) Petitioner's request for a copy of Respondent's lodgment is **DENIED**; and

(3) Petitioner's request to renew his Motion for Order Directing Sheriff to Recognize Petitioner as a *Pro Se* Litigant is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 4, 2022

Honorable Allison H. Goddard
United States Magistrate Judge