UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,

                              Petitioner,

v.

KATHLEEN ALLISON, Secretary,

                              Respondent.

Case No.:  21-CV-1395 JLS (AHG)

**ORDER (1) DENYING MOTION FOR RELIEF FROM JUDGMENT AND (2) DENYING CERTIFICATE OF APPEALABILITY**

(ECF No. 68)

Presently before the Court is Petitioner Pedro Rodriguez's Motion for Relief From Judgment ("Mot.," ECF No. 68) brought pursuant to Federal Rule of Civil Procedure 60(b)(6).  Having carefully considered Petitioner's arguments and the law, the Court **DENIES** the Motion for lack of jurisdiction and **DENIES** a certificate of appealability.

## BACKGROUND

The Court incorporates by reference its October 7, 2022 Order (the "Order," ECF No. 55) and recounts only those details relevant to the instant Motion.

In San Diego Superior Court case number SCN340334, Petitioner was convicted for, among other things, falsely obtaining unemployment benefits in violation of California Unemployment Insurance Code § 2101(a).  Order at 1; ECF No. 36-17 at 6, 9.  This charge

was based on false statements Petitioner made in his benefits application.   Petitioner reported needing benefits due to "lack of work" when, in reality, he was incarcerated—and thus ineligible for benefits—pursuant to an earlier conviction for unlawful sexual misconduct with a minor (in Case No. SCN333477).  *See id.* at 4 n.1,  5–6.

Seeking to challenge the unemployment benefits conviction (Case No. SCN340334), Petitioner filed a Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1) pursuant to 28 U.S.C. § 2254 on August 3, 2021.  The Petition contained nine grounds for relief, including one based on a theory of false evidence and actual innocence.  *See id.* at 20, 23–34.   Regarding said claim, Petitioner argued: (1) the prosecutor in his sexual misconduct case (Case No. SCN333477) had introduced false evidence, so (2) he was "unlawfully detained" when he applied for unemployment benefits, meaning (3) he was "actually innocent" of the unemployment benefits charge in Case No. SCN340334.  *See id.*

On October 7, 2022, the Court denied the Petition, dismissed this action with prejudice, and denied a certificate of appealability.  *See generally* Order.  The Court concluded six of the Petition's nine claims—but not Petitioner's false-evidence-and-actual-innocence argument—were procedurally defaulted.  *Id.* at 13–14.  Nevertheless, the Court proceeded to explain why each of the Petition's grounds failed on their merits.  *See id.* at 13–31.  As to evidence/innocence claim, the Court concluded Petitioner had failed to establish (1) that the prosecution introduced false evidence in the sexual misconduct case (Case No. SCN333477); and (2) that he was actually innocent of the employment benefit fraud charges in Case No. SCN340334.  *Id.* at 15–16.

On October 20, 2022, Petitioner filed a motion seeking to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e).  *See* ECF No. 57 ("Rule 59(e) Mot.").  On November 15, the Court denied the Rule 59(e) Motion on the grounds that Plaintiff had failed to raise any arguments relevant to such a motion. Specifically, the Court explained that Petitioner had not presented newly discovered evidence relevant to the Petition, claimed the Court committed clear error in its prior Order, nor pointed to any intervening change in controlling law.  *See* ECF No. 64 at 3.

On October 21, 2022—before the Court had ruled on his Rule 59(e) Motion—Petitioner appealed the Court's denial of the Petition. *See* ECF No. 58. On October 25, 2023, the Ninth Circuit Court of Appeals denied Petitioner a certificate of appealability because he "ha[d] not shown that 'jurists of reason would find it debatable whether the [P]etition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See* ECF No. 65 at 1 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). On December 1 of the same year, the Ninth Circuit denied Petitioners subsequent motion for reconsideration and held that "[n]o further filings w[ould] be entertained in this closed case." ECF No. 66 at 1.

The instant Motion followed on March 26, 2024.

## DISCUSSION

Presently, Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Under that Rule, a "court may relieve a party or its legal representative from a final judgment, order or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). So far as the Court can tell, Petitioner argues (1) that the Court erred in its prior Order by "assuming" Case No. SCN340334 (the unemployment benefits case) and Case No. SCN333477 (the unlawful sexual conduct case) were "the same," *see* Mot. at 2–3;[1] (2) that he is actually innocent of the benefits fraud charge because the "claim against . . . Petitioner was not ripe until two years after [his] conviction," *id.* at 1; and (3) that the Motion should not be construed as a successive habeas petition because (a) he alleges actual innocence and (b) he is challenging the integrity of the instant proceedings, *see id.* at 2–3. The Court will start with Petitioner's second-or-successive argument and work backwards from there.

/ / /

---

[1] Pin citations to the Motion refer to the blue CM/ECF page numbers stamped electronically across the top margin of the document.

21-CV-1395 JLS (AHG)

## I.   Successive Habeas Petitions

The Antiterrorism and Effective Death Penalty Act ("AEDPA") puts certain limitations on successive habeas petitions.  "First, any claim that has already been adjudicated in a previous petition must be dismissed." *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005) (citing 28 U.S.C. § 2244(b)(1)).  Meanwhile,

> "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence.

*Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 2244(b)(2)(A)–(B)).  Before a district court can accept a "successive petition" that raises a new claim, however, "the court of appeals must determine" said claim "is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez*, 545 U.S. at 530 (citing 28 U.S.C. § 2244(b)(3)).

In the habeas context, courts must consider whether a Rule 60(b) motion should be treated as a successive petition.  *See Mitchell v. United States*, 958 F.3d 775, 784 (9th Cir. 2020); *see also Jones*, 733 F.3d at 834 ("Because of the difficulty of meeting this standard, habeas corpus petitioners at times have characterized their second or successive habeas corpus petitions as Rule 60(b) motions.").  A Rule 60(b) motion "is in substance a successive habeas petition" if it advances a "claim," meaning it contains an "asserted federal basis for relief from a state court's judgment of conviction." *Mitchell*, 958 F.3d at 784 (quoting *Gonzalez*, 545 U.S. at 530–31).  So, for example, a motion raises a "claim" if it "seeks to add a new ground for relief," *Gonzalez*, 545 U.S. at 532; "attacks the federal court's previous resolution of a claim on the merits," *id.* (emphasis omitted); or tries to "present 'newly discovered evidence' in support of a claim previously denied," *id.* at 531 (internal citations omitted) (quoting Fed. R. Civ. P. 60(b)(2)).  But a Rule 60(b) motion that "attacks . . . some defect in the integrity of the federal habeas proceedings" does not

assert a "claim" for purposes of this analysis. *Id.* at 532.

Here, the Court must treat the Motion as a successive habeas petition. Though Petitioner characterizes his challenge as targeting "the integrity" of these proceedings, his arguments reveal otherwise. Petitioner claims the Court incorrectly treated SCN340334 and SCN333477 as a single case. *See* Mot. at 2. Even if true (which is doubtful),[2] this argument attacks the "[C]ourt's previous resolution of a claim *on the merits*."[3] *Gonzalez*, 545 U.S. at 532. Petitioner also purports to present new evidence to support his claim that he is innocent of unemployment benefits fraud. *See* Mot. at 1, 5–7. Petitioner, however, made this actual innocence argument in his Petition. *See* Order at 14–16. And he cannot bring new evidence to bolster "a claim previously denied"—even if his underlying factual theory has changed—without contending with AEDPA's limitations.[4]

Consequently, the Court **DENIES** the Motion for lack of jurisdiction. District courts "must deny a second or successive motion unless the court of appeals first certifies that the motion relies on a new rule of constitutional law that is retroactively applicable or presents new evidence." *Mitchell*, 958 F.3d at 784;[5] *see also Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) ("A petitioner's failure to seek such authorization from the appropriate

---

[2] After a thorough review of its prior Order, the Court found no instances in which it considered SCN340334 and SCN333477 as constituting a single case. Nor does Petitioner's Motion identify any such instances.

[3] To the extent Petitioner attempts to argue the alleged case mix-up impacted this action procedurally, his point would be moot because the Court addressed the merits of each of the Petition's claims *despite* finding several had been procedurally defaulted. *See* Order at 13–31.

[4] The *Gonzalez* Court explained that, even if "a new factual predicate" could be used "to escape § 2244(b)(1)'s prohibition of claims" already presented, the requirements of § 2244(b)(2)(B) ("facts showing a high probability of actual innocence") and § 2244(b)(3) (precertification by the court of appeals) would still apply. 545 U.S. at 530–32.

[5] *Mitchell* addressed AEDPA's limitations on second or successive petitions brought under 28 U.S.C. § 2255, not § 2254. 958 F.3d at 784. However, the Ninth Circuit cited *Burton v. Stewart* on this point, where the Supreme Court explained that § 2254 is subject to a functionally identical requirement. *See* 549 U.S. 147, 152–53 (2007) (explaining in a § 2254 case that, "before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'" (quoting 28 U.S.C. § 2244(b)(3)(A))).

appellate court before filing a second or successive habeas petition acts as a jurisdictional bar."). "Actual innocence" is not some magical phrase that vaporizes this rule. *See Gonzalez*, 545 U.S. at 530; 28 U.S.C. § 2244(b)(3). And here, the Court sees no indication that Petitioner has acquired the necessary certification from the Ninth Circuit.

## II.    Rule 60(b)(6)

Even if the instant Motion could be brought under Rule 60(b)(6), it would still fail. Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005)). A movant seeking relief pursuant to Rule 60(b)(6) "must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (alteration in original) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). Per the Supreme Court, "[s]uch circumstances . . . rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Petitioner has not satisfied Rule 60(b)(6)'s extraordinary circumstances requirement. Petitioner's vague argument regarding the Court's treatment of SCN340334 and SCN333477 is unconvincing. And in any event, "error by the Court is not" generally "an extraordinary circumstance under Rule 60(b)(6), because it does not prevent a litigant 'from taking timely action to prevent or correct' the district court's judgment."[6] *Couture v. Berkebile*, No. CV 15-80-M-DLC-JCL, 2017 WL 4767787, at *2 (D. Mont. Sept. 19, 2017) (quoting *Greenawalt v. Stewart*, 105 F. 3d 1268, 1273 (9th Cir. 1997)), *report and recommendation adopted*, 2017 WL 4767671 (D. Mont. Oct. 20, 2017).

Petitioner's innocence claim fairs no better. Petitioner points to a California superior court order entering judgment against him and for the State of California to recover for

---

[6] A court's legal error can provide grounds for relief from final judgment under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). But Rule 60(b)(1) motions "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). And here, Petitioner's Motion was filed on March 26, 2024—nearly eighteen months after the Court denied the Petition and dismissed this action with prejudice. *See* Order.

1    "[b]enefit overpayment."  Mot. at 6–7.  The order is dated April 25, 2019, and it lists an

2    "Overpayment Establishment Date" of April 21, 2017.  *See id.*  Petitioner seems to argue

3    that because these dates fall after his benefits-fraud conviction, he was innocent of said

4    crime when he was charged.  *See generally* Mot.  But he does not explain why records from

5    a *civil* action bear on the facts of his *criminal* case.  Plus, the dates listed on the document

6    strongly indicate Petitioner could have introduced this "evidence" in his original Petition,

7    which he filed in 2021.  *See Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004)

8    (affirming denial of Rule 60(b) motion where petitioner "attempt[ed] to have the district

9    court consider evidence that . . . was available when he filed his federal habeas petition,"

10   as "[t]here was no change of circumstances between the time when [he] filed his habeas

11   petition and the time when he filed his 60(b) motion").

12          In short, Petitioner could not succeed under Rule 60(b)(6) even if the Court had

13   jurisdiction to address the merits of his Motion.

14                                        **CONCLUSION**

15          In light of the above, the Court **DENIES** the Motion (ECF No. 68) for lack of

16   jurisdiction without prejudice to Petitioner filing a second or successive petition *if* he

17   obtains permission from the Ninth Circuit.  The Court also **DENIES** a certificate of

18   appealability with respect to the denial of the Motion; reasonable jurists would not debate

19   (1) whether the Court lacks jurisdiction over the Motion nor (2) whether the Motion stated

20   a valid claim of a denial of a constitutional right.  *See United States v. Winkles*,

21   795 F.3d 1134, 1143 & n.4 (9th Cir. 2015); *see also Godfrey v. Salmonson*, No. CV 20-

22   122-M-DWM, 2020 WL 4896675, at *1 (D. Mont. Aug. 20, 2020) (denying certificate of

23   appealability regarding denial of a Rule 60 motion—that was treated as a second or

24   successive § 2254 petition—"because there is no doubt this Court lacks jurisdiction and

25   / / /

26   / / /

27   / / /

28   / / /

there is no basis to encourage further proceedings at this time" (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

**IT IS SO ORDERED.**

Dated:  August 21, 2024

Hon. Janis L. Sammartino
United States District Judge

21-CV-1395 JLS (AHG)